UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carlos Fernando Colores
Vasquez,

    Petitioner,

                                      MEMORANDUM OPINION
                                      AND ORDER
v.                                                Civil No. 10-3669

Stephanie Jo Colores,

    Respondent.

_____

    Nicole A.K. Rodd and Nicole M. Moen, Fredrikson & Byron, P.A., Counsel for Petitioner.

    Richelle M. Wahi, Moss & Barnett, P.A., and Valerie A. Downing Arnold Tuft & Arnold Law Offices PLLC, Counsel for Respondent.

_____

## I.    INTRODUCTION

By Order of this Court dated September 14, 2010, the Court granted the Petition, finding that the child, I.R.C., was wrongfully removed from her habitual residence, Mexico, and that Respondent had failed to demonstrate through clear and convincing evidence that there is a grave risk that returning I.R.C. to Mexico will expose her to physical or psychological harm.

At some time during the day on September 15, 2010, Petitioner and I.R.C. returned to Mexico.  At 3:56 p.m. that same day, Respondent filed a motion for an emergency stay of execution of the September 14, 2010 Order.  The Court granted the motion pending a hearing on September 17, 2010 and ordered that Petitioner remain in Minnesota with I.R.C.  It has since come to the Court's attention that Petitioner had already returned to Mexico by the time the stay order was issued at 5:20 p.m. on September 15, 2010.

The parties appeared before the Court on September 17, 2010 as to the merits of Respondent's motion to stay pending appeal.  Although it is not clear that granting Respondent's motion would have any practical effect, as Petitioner and I.R.C. are currently in Mexico, the Court nonetheless finds that Respondent has not demonstrated that she is entitled to the relief requested.

## II.     STANDARD

A district court may stay enforcement of a judgment while an appeal is pending if the following factors weigh in favor of such a stay: 1) whether there would be substantial injury to the party opposing a stay if one is issued; 2) irreparable injury; 3) the likelihood of success on the merits; and 4) the public interest.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The party seeking

such a stay has a difficult burden. Haimdas v. Haimdas, __ F. Supp.2d __, 2010 WL 2342377, at *22 (E.D.N.Y. June 8, 2010) (citing United States v. Private Sanitation Indus. Ass'n, 44 F.3d 1082, 1084 (2d Cir. 1994)).

1.  Likelihood of Success on the Merits

Respondent argues that she can establish a likelihood of success in her appeal because this Court committed legal error in determining that I.R.C. was not at grave risk of harm if returned to Mexico. Respondent asserts that this Court applied a heightened legal standard in determining whether I.R.C. would be exposed to physical or psychological harm if returned to Mexico. The Court disagrees. The applicable standard is whether Respondent demonstrated, by clear and convincing evidence, that there exists a grave risk that I.R.C. would be exposed to harm if returned to Mexico. That is the standard applied by this Court as is clear in the Order dated September 14, 2010.

In addition, Respondent argues that it was error to exclude testimony from Professor Edleson pursuant to Rule 702 of the Federal Rules of Evidence. Respondent has not demonstrated that the Court's application of Rule 702 was improper. Instead, Respondent argues that she was not given enough time to present evidence in opposition to the Petition. As Respondent acknowledges,

petitions for the return of a child under the Hague Convention are to be determined in an expeditious manner. The record demonstrates that Respondent was given time to prepare, and heard testimony from Respondent, Petitioner and Respondent's mother. The Court also admitted documentary evidence in support of Respondent's argument that the Article 13(b) exception applies in this case.

Based on the above, the Court finds that Respondent has failed to demonstrate a likelihood of success on the merits of her appeal.

2. Irreparable Injury

Respondent argues that I.R.C. will be exposed to a grave risk of physical or psychological harm if returned to Mexico. In its previous Memorandum Opinion, the Court has already determined that the record does not support such a finding.

3. Injury to Petitioner

Petitioner asserts that he would be substantially harmed if the stay were granted. The appeal process, even if expedited, would take at least two months. In the meantime, his medical practice in Mexico would suffer, and he would incur substantial additional living expenses. More importantly, the Petitioner has

4

a real concern that Respondent may again flee with I.R.C. if given the opportunity. Based on the above, the Court finds that the balance of harms weighs against the issuance of a stay.

4.  Public Interest

Respondent argues that there is no risk to the public interest if a stay is granted. Petitioner argues that the public interest would be harmed as a stay is contrary to the Hague Convention's purpose of securing the prompt return of a child to the proper jurisdiction for custody determinations and because unnecessary delays renders the eventual return more difficult for the child and future adjudications in the foreign court become more difficult.

The Court finds that based on the facts of this case, the public interest would be harmed by a stay.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Stay [Doc. No. 30] is DENIED.

Date:   September 17, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court